UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-62452-CIV-GAYLES/TURNOFF

**WILLIAM MOORE**,

    Petitioner,

vs.

**JULIE L. JONES**,

    Respondent.

_____/

## **ORDER**

**THIS CAUSE** came before the Court on Magistrate Judge Patrick A. White's Report of Magistrate Judge ("Report") [ECF No. 33]. On November 8, 2013, Petitioner, William Moore ("Moore"), filed a *pro se* Petition under 28 U.S.C. section 2254 for Writ of Habeas Corpus by a person in state custody ("Petition") [ECF No. 1]. The case was referred to Magistrate Judge Patrick A. White pursuant to Administrative Order 2003-19 for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. (*See* [ECF No. 3]).

Upon reviewing Moore's Petition, Judge White issued the Report recommending: (1) the Petition seeking relief under 28 U.S.C. section 2254 be denied; (2) this case be closed; and (3) the Court deny a certificate of appealability upon entry of its final order. (*See* Report 16). Judge White found that Moore's claims that 1) the prosecutor knowingly presented perjured testimony; 2) the prosecutor improperly withheld exculpatory evidence; and 3) his counsel was ineffective were without merit. Judge White also found that Moore's claim that the state court imposed an illegal sentence was not reviewable in this proceeding and should be denied. The Report also

advised Moore that he had fourteen days from receipt of a copy of the Report to object to it. To date, no objections have been filed.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The undersigned has reviewed the Report, the record, and the applicable law to assure himself that no clear error appears on the face of the record. In the light of that review, the undersigned agrees with the analysis and recommendations stated in Judge White's Report, and agrees with Judge White's conclusion that Moore's Petition seeking relief under 28 U.S.C. section 2254 be denied, his case be closed, and the Court deny a certificate of appealability. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 33]** is **AFFIRMED AND ADOPTED** as follows:

1. William Moore's Petition **[ECF No. 1]** is **DENIED**.

2. A certificate of appealability shall not issue.

3. The Clerk of the Court is directed to **CLOSE** this case, and all pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of February, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge Turnoff
All Counsel of Record