UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-62452-CIV-GAYLES/TURNOFF

**WILLIAM MOORE**,

    Petitioner,

vs.

**JULIE L. JONES**,

    Respondent.

_____/

**ORDER**

**THIS CAUSE** came before the Court on Petitioner's Objections to Magistrate's Report [and] Recommendation (the "Objections") [ECF No. 36] and Petitioner's Petition to Comply with Mailbox Rule and Fed. R. Civ. P. 72 (b)(3) based on Petitioner's Timely Properly Filed Objection to Magistrate Report [and] Recommendation [ECF No. 39].  The Court, having reviewed the Objections, the Petition, and the record, and being otherwise fully advised, finds Petitioner's claims are without merit for the reasons set forth below.

**I.**    **FACTS AND PROCEDURAL HISTORY**

    **a.**  **State-Court Proceedings**

On November 14, 2003, an eye-witness observed a man breaking into cars in front of her home.  The man approached on a bicycle and then placed it in some bushes before proceeding to break into a car.  The eye-witness dialed 9–1–1.  As the man attempted to break into a second car, the police arrived and arrested the man.  The eye-witness identified that man as the Petitioner.  The owner of the first vehicle identified the items found on Petitioner as belonging to him.  A police officer on the scene dusted the vehicles for fingerprints, but there was no

testimony at trial regarding the latent fingerprints — Petitioner's counsel used this lack of evidence as part of Petitioner's defense. At trial, cross-examination revealed that the officers did not see a bicycle and that the eye-witness' description of the thief differed from that of the officers. Petitioner's counsel also used these discrepancies as part of Petitioner's defense. The jury found Petitioner guilty of burglary of a conveyance, attempted burglary of a conveyance, and petit theft.

On direct appeal, Petitioner raised two claims: (1) that the trial court abused its discretion by denying his *pro se* motion for continuance to obtain further discovery and retain new counsel; and (2) that the trial court erred in sentencing him as a violent career criminal. The appellate court affirmed his convictions, but vacated the Petitioner's sentence for the burglary count after finding that the State failed to introduce evidence of the requisite prior convictions to qualify the Petitioner as a violent career criminal under Florida law. *Moore v. State*, 944 So. 2d 1063 (Fla. 4th DCA 2006). The State did so at re-sentencing and the court reimposed the prior sentence, which was affirmed on a subsequent appeal. *Moore v. State*, 984 So. 2d 1262 (Fla. 4th DCA 2008).

While the appeal was pending, Petitioner filed a motion for post-conviction relief under Fla. R. Crim. P. 3.850, which the trial court dismissed without prejudice. Petitioner then filed an amended motion, which the trial court denied. The appellate court issued a *per curiam* affirmance. *Moore v. State*, 120 So. 3d 569 (Fla. 4th DCA 2013).

    b. **Habeas Petition**

Petitioner filed the instant petition on November 4, 2013, raising four claims: (1) that the prosecutor presented perjured testimony of the police officers (the "*Giglio*" claim");[1] (2) that the

---

[1] *Giglio v. United States*, 405 U.S. 150 (1972).

prosecution withheld the results of a fingerprint analysis (the "*Brady* claim");[2] (3) ineffective assistance of counsel; and (4) that the state court imposed an illegal sentence.

On November 8, 2013, the Court referred this case to Magistrate Judge White. On February 3, 2015, Judge White issued a Report and Recommendation on Petitioner's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Report"). [ECF No. 33]. Judge White recommended denying the petition. Petitioner had until February 20, 2015, to file objections to the Report. On February 23, 2015, this Court adopted the Report and denied the petition [ECF No. 34]. The Court noted that Petitioner failed to timely file objections.

On February 24, 2015, Petitioner filed his Objections to the Report [ECF No. 36]. On March 12, 2015, Petitioner filed a Motion to Comply with Mailbox Rule and Fed. R. Civ. P. 72 (b)(3) [ECF No. 39], arguing that he timely mailed the Objections. Based on their mailing date, the Court will accept the Objections as timely.

## II.   STANDARDS OF REVIEW

### a.  Objection to Report and Recommendation

When a petitioner objects to a report and recommendation, the Court shall conduct a *de novo* review. 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72 (b)(3); *see also Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992) ("[W]henever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.") (quoting *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988)).

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

3

### b. Writ of Habeas Corpus for State-Court Ruling

To grant the petition, the Court must find not only that Petitioner's constitutional claims are meritorious, but also that the state court's resolution of those claims: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding. 28 U.S.C. § 2254 (d); *Guzman v. Sec'y, Dept. of Corrs.*, 663 F.3d 1336, 1345–46 (11th Cir. 2011).

A state court's decision is "contrary to" clearly established Supreme Court precedent: (1) "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a different result from [the Supreme Court's] precedent." *Id.* at 1346 (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)). The Supreme Court has also shed light on the meaning of an "unreasonable application" of its precedent:

> For purposes of [Section] 2254 (d)(1), an *unreasonable* application of federal law is different from an *incorrect* application of federal law . . . A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.

*Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)) (emphasis in original). Moreover, a state court's factual determinations are presumed to be correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254 (e)(1); *Id.* Before a federal court may grant habeas relief under Section 2254, "a state prisoner must show that the state court's ruling on the claim being presented to the federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond

4

any possibility for fairminded disagreement." *Id.* (quoting *Harrington*, 562 U.S. at 103). Finally, unless the Constitutional violation resulted in actual prejudice to the petitioner, a habeas petition will not be granted. *Id.* at 1347.

### III. DISCUSSION

#### a. *Giglio* Claim

Petitioner's *Giglio* claim fails because there is no evidence that the prosecution knowingly presented perjured testimony. To prevail on a *Giglio* claim, a petitioner must establish: (1) that the prosecutor knowingly used perjured testimony, or failed to correct what he subsequently learned was false testimony; and (2) that the falsehood was material. *See Tompkins v. Moore*, 193 F.3d 1327, 1339 (11th Cir. 1999). In the context of a *Giglio* claim, a falsehood is material if "there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *Ventura v. Attorney Gen., Fla.*, 419 F.3d 1269, 1279 (11th Cir. 2005) (quoting *United States v. Agurs*, 427 U.S. 97, 103 (1976)).

Petitioner knew the content of the eye-witness' 9–1–1 call and his attorney presented it at trial. Petitioner's counsel addressed the eye-witness' description of the thief and cross-examined her on this point. Petitioner's counsel also addressed the discrepancies between the eye-witness' and the officers' description of the thief and the presence of a bicycle. Petitioner has failed to establish that these minor discrepancies are false or material. Furthermore, Petitioner ignores the other evidence of his guilt: the eye-witness observed him breaking into a car, she positively identified him, police apprehended him shortly after the eye-witness' 9–1–1 call, and Petitioner had in his possession items taken from the burglarized vehicle, which were identified by the vehicle's owner. In light of this evidence, the Court does not find any error and Petitioner's *Giglio* claim is denied.

### b. *Brady* Claim

A *Brady* prosecutorial misconduct claim consists of three elements: (1) the evidence at issue is favorable to the accused as exculpatory or impeaching; (2) the State suppressed the evidence at issue; and (3) the suppression resulted in prejudice to the accused. *See Banks v. Dretke*, 540 U.S. 668, 671 (2004). To prevail on a *Brady* claim, there must be "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *See United States v. Alzate*, 47 F.3d 1103, 1109–10 (11th Cir. 1995) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)).

Petitioner has failed to establish that the fingerprint analysis would have changed the result of the proceeding. Fingerprints of other individuals on or in the vehicle would only show that other people likely touched the vehicle before the burglary. A failure to find the Petitioner's prints in or on the vehicle does not necessarily mean that Petitioner did not touch it, just that his latent prints were not recovered. Petitioner has also failed to establish that the State suppressed the fingerprint analysis. Specifically, Petitioner has not shown that the State possessed it and that Petitioner was unaware of it at trial. It is undisputed that an officer dusted the vehicle for fingerprints. However, there is no evidence that latent fingerprints were submitted for analysis or that an analysis was conducted. Since Petitioner cannot establish that the State suppressed the results of a fingerprint analysis, he cannot show prejudice. As mentioned in the *Giglio* analysis above, the evidence of Petitioner's guilt was substantial. Because there is no reasonable likelihood that disclosure of a fingerprint analysis—if one existed—would have altered the outcome of the trial, Petitioner's *Brady* claim is without merit. Therefore, Petitioner's *Brady* claim is denied.

### c. Ineffective Assistance of Counsel Claim

To establish ineffective assistance of counsel, Petitioner must show: (1) that his counsel's performance was deficient; and (2) that his counsel's deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong requires the Court to determine whether "identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. The second prong requires that Petitioner show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 669. Therefore, Petitioner must establish that his trial counsel's performance was deficient and that Petitioner was prejudiced by that deficiency. Failure to establish either prong of the test will defeat Petitioner's claim of ineffective assistance of counsel.

The Court has already determined that the substantial evidence of Petitioner's guilt defeats any prejudice allegation. Thus, the Court need not judge the adequacy of counsel's performance if it "find[s] that the alleged errors would nevertheless not amount to sufficient prejudice." *United States v. DiMatteo*, 759 F.2d 831, 833 (11th Cir. 1985). Even though Petitioner has not established prejudice, the Court will address his allegations of deficiency.

### 1. First Ground

Petitioner raises six grounds for his ineffective assistance claim, five of which are based primarily upon his *Giglio* and *Brady* claims. In his first ground, Petitioner asserts that his counsel failed to obtain the fingerprint analysis. The Court has already established that it is unclear whether a fingerprint analysis ever existed. Defense counsel used this uncertainty to undermine the State's case. Since Petitioner has failed to show that his counsel was deficient and that the fingerprint analysis was exculpatory, the state court properly denied Petitioner's ineffective assistance claim on this ground.

### 2. Second, Third, and Fifth Grounds

Petitioner's second, third, and fifth grounds all rely on his assertion that the transcript of the 9–1–1 call would have established that the State presented perjured testimony by the officers. However, Petitioner's counsel attempted to impeach the State's witnesses with the 9–1–1 call. Likewise, Petitioner cannot show that his counsel was ineffective for failing to compel production of the 9–1–1 transcript. The record shows that counsel was well aware of the content of the 9–1–1 call and used this knowledge in his cross-examination of the State's witnesses. Finally, Petitioner cannot show that his counsel was ineffective for failing to suppress the officers' testimony. Counsel had no legally valid basis to do so because there was no evidence that the officers' testimony was perjured. Counsel properly highlighted the discrepancies between the testimony of the officers and the eye-witness on cross-examination and during closing argument. Thus, Petitioner has not shown that his trial counsel's performance was deficient.

### 3. Fourth Ground

In his fourth ground, Petitioner asserts that his counsel was ineffective for failing to move for a continuance to obtain transcripts and discovery materials. Petitioner, however, has failed to show that a continuance was needed. Petitioner's counsel informed the court that he would have the transcripts in time to prepare for trial. He later stated that he had reviewed the transcripts, and raised no basis for a continuance. Based on this record, the Court cannot find that counsel's performance was deficient. Thus, the state court properly denied Petitioner's ineffective assistance claim on this ground.

### 4. Sixth Ground

In his sixth ground, Petitioner asserts that his counsel was ineffective for failing to provide him with all discovery. Petitioner's argument, however, focuses on the 9–1–1 transcript and fingerprint analysis. This ground fails because the record reflects that counsel advised the court that he had provided Petitioner with copies of all discovery in counsel's possession. The state court properly denied this claim because Petitioner has failed to allege that his counsel was even in possession of the 9–1–1 transcript or fingerprint analysis. Furthermore, it has already been established that the content of the 9–1–1 call and the lack of a fingerprint analysis were both utilized by counsel to Petitioner's benefit. Therefore, Petitioner cannot show that his counsel was deficient for failing to provide him with discovery. The state court properly denied Petitioner's ineffective assistance claim on this ground as well.

### d. Illegal Sentence Claim

Finally, Petitioner's illegal sentence claim fails because a state court's alleged errors in sentencing are not cognizable on federal habeas corpus review. "[I]t is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *see also Branan v. Booth*, 861 F.2d 1507 (11th Cir. 1988) (holding that federal courts cannot review a state court's alleged failure to adhere to the state's sentencing provisions).

## IV. CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** Petitioner's Petition to Comply with Mailbox Rule and Fed. R. Civ. P. 72 (b)(3) based on Petitioner's Timely Properly Filed Objection to Magistrate Report [and] Recommendation [ECF No. 39] is **GRANTED.** It is further

**ORDERED AND ADJUDGED** that upon review of Petitioner's objections, the Court finds that the Petition should remain **DISMISSED** and that a certificate of appealability should not issue.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of July, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE